This Opinion is a
Precedent of the TTAB

Mailed:
February 5, 2008

**UNITED STATES PATENT AND TRADEMARK OFFICE**

———

**Trademark Trial and Appeal Board**

———

Demon International LC
v.
William Lynch

———

Opposition No. 91166647
to application Serial No. 78524402
filed on November 30, 2004

———

Angus C. Fox, III, attorney for Demon International LC.

William Lynch, pro se.

———

Before Hairston, Rogers and Bergsman, Administrative
Trademark Judges.

Opinion by Rogers, Administrative Trademark Judge:

William Lynch, applicant, has applied to register the

mark set forth below for goods identified as "T-shirts,

hooded sweatshirts, hats, knit caps, gloves and motocross

jerseys."



Demon International LC, opposer, has opposed the application, seeking to deny a registration to applicant. Opposer asserts it is the prior user of the mark DEMON for "Men's and women's clothing and headwear, namely shirts, T-shirts, sweat shirts, pajamas, swimsuits, shorts, pants, jackets, socks, belts, wetsuits, skiwear, snowboard clothing, namely snow pants, jackets, gloves, boots, beach footwear, ties, hats, caps and visors." It is unclear how many of the items following the second use of "namely" are meant to be qualified by the term "snowboard clothing" and whether the two listings of "jackets" are redundant. Nonetheless, it is at least clear that opposer claims use of its mark on T-shirts and sweat shirts for men and women and, to that extent, there is overlap between the identification of goods in the involved application and the list of goods on which opposer claims to have used its mark.

Opposer asserted in its notice of opposition continuous use of its DEMON mark since June 1, 1999 in connection with its listed clothing items. In its answer, applicant stated that he "does not dispute said duration of commerce or items of commerce by Petitioner."[1]

Opposer also asserted in its pleading that it had filed an application to register its DEMON mark for its listed clothing items, that applicant's registration and use of his

---

[1] Opposer lists itself as petitioner in the notice of opposition.

2

mark would be likely to confuse consumers, that opposer would be damaged by such registration, and that registration and use of applicant's mark would dilute the distinctiveness of opposer's mark. Applicant's answer "does not dispute" the filing of opposer's application,[2] but denies a likelihood of confusion, that opposer will "be damaged in any way," and the allegation of dilution.

The record consists only of the opposed application and the pleadings. Neither party presented evidence at trial. After being ordered to show cause why the opposition should not be dismissed for its apparent loss of interest, opposer submitted a short brief that the interlocutory attorney accepted. Though time was allowed for applicant to file a responsive brief, no brief was filed.[3]

Opposer's dilution claim is insufficiently pleaded because it does not allege that opposer's mark is famous. *See Polaris Industries, Inc. v. DC Comics*, 59 USPQ2d 1798 (TTAB 2000). Opposer's brief contains no arguments regarding fame or dilution, which typically would be taken as an indication that opposer had abandoned the dilution claim. In any event, the dilution claim is dismissed as

---

[2] In the notice of opposition, opposer states the application "is in the process of publication." In its brief, however, opposer discusses its registration, not an application.

[3] Neither did applicant seek reconsideration of the interlocutory attorney's decision to accept opposer's brief, and we shall not revisit the issue.

improperly pleaded and because it is unsupported by any evidence.

Opposer argues in its brief that the examining attorney should have refused registration of applicant's mark. Asserted error by an examining attorney is not a proper ground for opposing an application and the argument has not been considered. *See Century 21 Real Estate v. Century Life of America*, 10 USPQ2d 2034 (TTAB 1989).[4] Opposer also argues that the letters MX in applicant's mark should be disclaimed because they are descriptive. However, we do not consider this to be an allegation of error by the examining attorney but, rather, only a part of opposer's argument on the issue of likelihood of confusion, i.e., that because of the descriptiveness of MX, the DEMON part of applicant's mark is the dominant part and entitled to more weight in any likelihood of confusion analysis.[5]

Opposer's priority and likelihood of confusion argument set forth in its brief rests solely on the issuance to opposer of a registration for its pleaded DEMON mark.

---

[4] Insofar as opposer may be contending that the examining attorney should have refused registration of applicant's mark because opposer now has a registration, the examining attorney clearly could not have done so. By opposer's own admission, it only had an application, not a registration, when it filed its notice of opposition. The registration did not exist when the examining attorney was reviewing applicant's application.

[5] To the extent opposer intended this allegation in its brief as a claim that applicant's mark is not entitled to registration in the absence of a disclaimer, we have not considered it because such matter was not pleaded in the notice of opposition.

Opposer does not present in its brief any arguments regarding common law rights in its mark accrued through use of the mark. However, opposer never put any evidence in the record to establish the issuance of the registration and opposer's ownership of it. Finally, while applicant's answer "does not dispute the filing" of opposer's application, this statement cannot be considered to be an admission of opposer's ownership of a subsequently issued registration and validity of such registration.[6]

Had opposer pleaded and proved its ownership of a registration for its DEMON mark, it would have both proved its standing and removed priority as an issue requiring proof in this case. *See Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842 (Fed. Cir. 2000) ("These registrations and the products sold under the mark they register suffice to establish Laser Golf's direct commercial interest and its standing to petition for cancellation of Cunningham's LASERSWING mark."), and *Herbko International, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 64 USPQ2d 1375, 1378 (Fed. Cir. 2002) (holding that a plaintiff's superior proprietary rights may be established through proof of prior

---

[6] We do not consider applicant's use of the words "does not dispute" to be the equivalent of an admission, for reasons we further discuss infra. However, we reiterate that even if the words were considered an effective admission, they would admit only the filing of opposer's application, and would not remedy opposer's failure to prove issuance and ownership of the registration that resulted therefrom.

registration.).  *See also, King Candy Company v. Eunice King's Kitchen, Inc.*, 496 F.2d 1400, 182 USPQ 108 (CCPA 1974).  Because opposer did not submit proof of ownership and the issuance of its asserted registration, and applicant did not in its answer admit opposer's ownership of such registration, opposer has not satisfied its responsibility for proving its standing and removing priority as an issue in this case.

Proof of standing in the absence of proof of ownership of a registration can result from proving any one of a number of types of use sufficient to establish prior proprietary rights.  *See Herbko, supra,* and *National Cable Television Ass'n, Inc. v. American Cinema Editors, Inc*., 937 F.2d 1572, 19 USPQ2d 1424, 1429 n.5 (Fed. Cir. 1991) ("Our decision that Editors has prior rights in ACE as a trade name subsumes any argument over standing.") (internal citation omitted).  However, because opposer put no evidence in the record, it has not proved any prior proprietary right.  Therefore, opposer's priority and likelihood of confusion claim is dismissed because of the absence of proof of standing and the absence of proof of priority.

Although opposer did not address the point in its brief, we note that applicant stated in his answer that he "does not dispute said duration of commerce or items of commerce" in response to opposer's allegation of use of its

DEMON mark for various clothing items.  We do not, however, consider this a specific admission of a prior proprietary right superior to any right of applicant, especially given that applicant has otherwise denied that opposer will be damaged by registration of applicant's mark.  It is not clear that the "does not dispute" phrase applicant employed constitutes an admission.  While Federal Rule 8(d), Fed. R. Civ. P. 8(d), states that an averment in a pleading is admitted when not denied, Federal Rule 8(b), Fed. R. Civ. P. 8(b), permits effective denials.  We view the "does not dispute" phrase as a statement that applicant was without sufficient information to be able to dispute the contention and therefore as an effective denial.  Even if we were to construe the "does not dispute" language as an admission, we find that it would at most constitute an admission that opposer had been selling the types of goods listed in the first paragraph of the notice of opposition, since the date claimed in that paragraph, and would not constitute an admission of use by opposer of any particular mark for such goods.

In the absence of clear, unequivocal and informed admissions, opposer was obligated to prove its case.  That it did not do because it did not prove either its standing or priority.

Decision:  The opposition is dismissed in its entirety.